*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
July 25, 2024

*In re* L. P. FULKS, Minor.

No. 367259
Wayne Circuit Court
Family Division
LC No. 2015-521251-NA

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his minor child, LPF, under MCL 712A.19b(3)(b)(*i*) (the parent's act caused sexual abuse and the court finds likelihood that the child may suffer from injury in the foreseeable future if placed in the parent's home), (j) (reasonable likelihood of harm if returned to the parent), (k)(*ii*) (the parent abused the child or a sibling of the child, the abuse included criminal sexual conduct involving penetration, and there is reasonable likelihood that the child will be harmed if returned to the care of the parent), and (k)(*ix*) (the parent abused the child or a sibling of the child, the abuse included sexual abuse, and there is reasonable likelihood that the child will be harmed if returned to care of the parent). We affirm.

The trial court acquired jurisdiction over LPF following a Michigan Department of Health and Human Services (DHHS) petition for permanent custody alleging that respondent sexually abused LPF's half-sister, HR,[1] for a period of more than two years; that respondent physically abused LPF; and that respondent had a substance abuse problem. The trial court authorized the petition. Respondent entered a no-contest plea to jurisdiction and statutory grounds. The trial court, relying on respondent's no-contest plea, found by a preponderance of the evidence that it had jurisdiction over LPF. Also relying on respondent's no-contest plea, the trial court found that the material allegations contained in the petition were substantiated and determined that there was clear and convincing evidence that respondent's parental rights should be terminated under MCL

---

[1] Respondent is not the biological father of HR. The mother of LPF and HR is deceased.

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*).  At a separate hearing, the trial court determined by a preponderance of the evidence that it was in LPF's best interests to terminate respondent's parental rights because of respondent's criminal conviction, his lengthy prison sentence, and because it was best for LPF to be adopted by her foster parent, with whom LPF had a longstanding relationship.

Respondent now appeals, arguing that the trial court clearly erred when it determined that termination of his parental rights was in the best interests of LPF because it did not fully consider the possibility that his criminal conviction of first-degree criminal sexual conduct, MCL 750.520b, of LPF's sister could be overturned.  We disagree.

"Even if the trial court finds that the Department has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015).  This Court reviews a trial court's best-interests determination for clear error.  *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021).  "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses."  *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made."  MCL 712A.19b(5).  In making its determination, the trial court should weigh all of the evidence available to it and may consider the following:

> [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.  Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan.  [*In re Atchley*, 341 Mich App 332, 346-347; 990 NW2d 685 (2022) (quotation marks and citation omitted).]

Respondent argues that the trial court erred by not giving enough weight to the possibility of his conviction being overturned or that he may be granted a new trial after going through the criminal appeals process.  If that occurs, respondent contends, he would have enough time to complete a permanence plan for LPF and would be able to take care of her.  LPF's lawyer-guardian ad litem argues that it was in LPF's best interests to terminate respondent's parental rights because respondent sexually abused her sister and was sentenced to prison until at least 2039; respondent physically abused LPF; LPF did not want to have any contact with respondent; LPF was in a stable foster home with a foster parent who could adopt her; and LPF's need for stability and permanence outweighed any speculative criminal appeal.

This Court agrees with LPF's lawyer-guardian ad litem's arguments.  The trial court heard testimony that respondent sexually abused LPF's sister and was convicted of first-degree criminal sexual conduct.  Respondent was sentenced to 17 to 40 years' imprisonment for that conviction.

LPF would reach the age of majority before his release. The court heard testimony that respondent physically abused LPF, that LPF did not want contact with respondent, that LPF wanted to be adopted by her foster parent, that LPF was in a stable home where she had formed good a relationship with her foster parent, and she was in the same home as her sister. Respondent was sentenced to prison until at least 2039, and was in no position to take care of LPF, even if she wanted to have any contact with him. The possibility of respondent successfully appealing his conviction is far too speculative to overcome the vast amount of evidence that establishes that it is in LPF's best interests for his parental rights to be terminated. The focus of a best-interests hearing is the child, not the parent. *In re Moss*, 301 Mich App 76, 87-88; 836 NW2d 182 (2013). The trial court gave all of the evidence that was presented its proper weight in determining that it was in LPF's best interests to terminate respondent's parental rights. Therefore, the trial court's finding was not clearly erroneous.

Affirmed.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ David H. Sawyer